IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-20921

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL DOMINGUEZ, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(H-98-CR-126-2)

September 26, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Rafael Dominguez, Jr., appeals his conviction by guilty plea for conspiracy to possess with intent to distribute a controlled substance. He argues that the government failed to establish the factual basis for his plea and that he received ineffective assistance of counsel. After reviewing the briefs and the record, we find no grounds for reversal.

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dominguez pleaded guilty to violating 21 U.S.C. §§ 841 and 846. He argues that since the government conceded that he did not know that there was cocaine included in the shipment of marijuana he made, there is no factual basis for his guilty plea to the charge that he conspired to possess with intent to distribute both marijuana and cocaine. Section 841, which defines the offense underlying the conspiracy, requires only knowing possession with intent to distribute a *controlled substance*. Dominguez's knowledge that the shipment contained marijuana provided a factual basis for his guilty plea. Whether or not he was aware of the cocaine in the shipment does not bear on his guilt under Sections 841 and 846; the references to cocaine in Section 841 appear only in its sentencing provisions.

This court generally declines to review claims of ineffective assistance of counsel on direct appeal. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). We have "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). This is not such a case.

For these reasons, Dominguez's conviction and sentence are AFFFIRMED.

2